UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

PELHAM P. WILKERSON,

                               Plaintiff,

                v.                        1:06-CV-384
                                                      (FJS/RFT)

SECURITAS SECURITY SERVICES USA, INC.
and UNITED FEDERATION OF SECURITY
OFFICERS, INC.,

                               Defendants.

_____

APPEARANCES                                        OF COUNSEL

**PELHAM P. WILKERSON**
Schenectady, New York 12309
Plaintiff *pro se*

**MANDELBAUM, SALSBURG,**            **WILLIAM H. HEALEY, ESQ.**
**GOLD, LAZRIS & DISCENA, P.C.**
155 Prospect Avenue
West Orange, New Jersey 07052
Attorneys for Defendant Securitas
Security Services USA, Inc.

**GLEASON, DUNN, WALSH**                **RONALD G. DUNN, ESQ.**
**& O'SHEA**
40 Beaver Street
Albany, New York 12207
Attorneys for Defendant Securitas
Security Services USA, Inc.

**OFFICE OF THOMAS P. HALLEY**       **THOMAS P. HALLEY, ESQ.**
80 Washington Street, Suite 309
Poughkeepsie, New York 12601
Attorneys for Defendant United
Federation of Security Officers, Inc.

**SCULLIN, Senior Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

On March 27, 2006, Plaintiff filed a complaint in this action, naming only one Defendant – Securitas Security Services USA, Inc. ("Securitas"). *See* Dkt. No. 1. On March 31, 2006, Plaintiff filed an amended complaint, in which he added United Federation of Security Officers, Inc. ("Union") as a Defendant. *See* Dkt. No. 3.

Currently before the Court are Defendant Securitas' motion for a more definite statement, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, and Defendant Union's motion to vacate the entry of default judgment. Plaintiff opposes both motions.

**II. DISCUSSION**

**A.    Defendant Securitas' motion for a more definite statement**

In support of its motion for a more definite statement, Defendant Securitas states that "[i]n paragraph 8 of the Complaint, Plaintiff has only alleged that he worked for Securitas. The Complaint does not allege with any particularity the dates on which he was employed by Securitas, the discriminatory treatment alleged to have occurred while an employee of Securitas and the last known occurrence of discrimination." *See* Affidavit of Ronald G. Dunn, sworn to May 4, 2006, at ¶ 3. Therefore, Defendant Securitas requests that the Court require Plaintiff "to identify the dates employed by Securitas and detail with some degree of particularity the discrimination alleged to have been committed by Securitas against Plaintiff, including when the discrimination occurred, where the discrimination occurred and for how long the discrimination occurred." *See id.* at ¶ 4. Defendant Securitas argues that, "[w]ithout a more particularized

statement, [it is] deprived of [its] opportunity to make a motion that the case is time barred, that Plaintiff fails to state a claim upon which relief can be granted, that the Plaintiff is not entitled to the relief demanded, and/or that this Court lacks jurisdiction over plaintiff's claims." *See id.* at ¶ 5.

In response to Defendant Securitas' motion, Plaintiff submitted a "Proposed Amended Complaint." *See* Dkt. No. 15. In his proposed amended pleading, Plaintiff states that the discrimination was based upon his "race or color," *see id.* at ¶ 6, and that the conduct about which he complains includes "termination of employment," "failure to promote," "unequal terms and conditions of employment," and "retaliation," *see id.* at ¶ 7.

In addition, in what appears to be the "FACTS" section of his proposed amended complaint, Plaintiff states that "[t]he most recent or continuing discrimination took place on 11/21/03." *See id.* (typed sheet). He further asserts that "[o]n or about 5/2/02, [he] started working for Securitas Security Services USA, Inc." *See id.* (typed sheet at ¶ 2). In addition, Plaintiff contends that, "[a]lthough [he] was assigned level II guard duties in a supervisory capacity from 9/13/02 to 8/7/03, [he] was only being paid at a level I guard rate which is $9.00 per hour compared to [his] white co-workers Jake Hinners and Dave Holmstedt who received the level II, $11.00 per hour pay rate." *See id.* (typed sheet at ¶ 3).

Finally, Plaintiff claims that he "was suspended on or about 11/14/03 and was terminated on or about 11/21/03 for alleged failure to comply with a direct lawful order to report to the senior branch manager of Securitas office, Hal Steele regarding misconduct on [Plaintiff's] part. When in fact, it was agreed as per a certified letter dated to the union on or about 10/6/03 for [Plaintiff] to meet with Hal Steele and the union because of previous grievances that [Plaintiff]

had in place." *See id.* at ¶ 5. Plaintiff explains further that his "grievances were never resolved because the United Federation of Security Officers and Securitas conspired to derail the arbitration process. [Plaintiff] put in [his] first grievance on or about 8/15/03 and a second grievance on or about 11/14/03 because of the suspension to meet with the union, Hal Steele and myself (all parties involved)." *See id.* Based upon all of these facts, Plaintiff "charge[s] [Defendants] with unlawful discriminatory practice relating to employment because of race, color, discrimination, retaliation and violating [his] civil rights." *See id.*

Finally, under the "Causes of Action" section of his proposed amended complaint, Plaintiff alleges as follows:

> **First Cause of Action**: "Filed a grievance[.] Tried to meet with senior branch manager of Securitas office, Hal Steele the union and myself. My grievances were never resolved because the United Federation of Security Officers and Securitas conspired to derail the arbitration process. I put in my first grievance on or about 8/15/03." *See id.* at ¶ 9.
>
> **Second Cause of Action**: "filed with the NYS Division of Human Rights[.] The defendant gave false information to them[.] I did not get a chance to rebut the false information before the case was decided[. I] found out when I requested my file later." *See id.*
>
> **Third Cause of Action**: "Field [sic] with EEOC[;] same thing happened." *See id.*

Plaintiff seeks back pay and $200,000 in damages. *See id.* at ¶ 15.[1]

Plaintiff's proposed amended complaint addresses each of the problems that Defendant Securitas identified in its motion for a more definite statement. "Pursuant to Rule 15 of the Federal Rules of Civil Procedure, leave to amend '"shall be freely given when justice so

---

[1] Plaintiff has attached his right-to-sue letter to his proposed amended complaint. That letter indicates a mailing date of January 25, 2006. *See* Dkt. No. 15 at attachment.

requires.'" *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962) (quotation omitted)." *Byerly v. Ithaca Coll.*, 290 F. Supp. 2d 301, 304-05 (N.D.N.Y. 2003); *see also* Fed. R. Civ. P. 15(a). In light of Plaintiff's *pro se* status, as well as the fact that this litigation is in its infancy and that Plaintiff has attempted to address all of Defendant Securitas' concerns, the Court will permit Plaintiff to file his proposed amended complaint;[2] and, therefore, the Court denies Defendant Securitas' motion for a more definite statement as moot.

**B.     Defendant Union's motion to vacate entry of default judgment**

On May 15, 2006, Plaintiff requested an entry of default as to Defendant Union, *see* Dkt. No. 8, which the Clerk of the Court entered on May 17, 2006, *see* Dkt. No. 9.[3] Plaintiff, however, has never moved for entry of a default judgment against Defendant Union.

Before addressing the merits of this motion, the Court will briefly address several

---

[2] Previously, Plaintiff amended his original complaint as of right, *see* Dkt. No. 3, therefore, Plaintiff's proposed amended complaint, when he files it, should be labeled as his "Second Amended Complaint."

[3] On April 11, 2006, the summons was returned executed as to Defendant Union. *See* Dkt. No. 5. Service on Defendant Union was effected by service upon the Office of the Secretary of State. *See* Dkt. No. 5. There appears to be some confusion as to whether service upon Defendant Union was effected pursuant to Section 306 of New York's Business Corporation Law, *see id.* at 1, or Section 306 of New York's Not-for-Profit Corporation Law, *see id.* at 2. The Process Server's Affidavit of Service states that service was made pursuant to the Business Corporation Law, *see id.* at 1. On the other hand, the Secretary of State's receipt states that "Service was directed to be made pursuant to Section 306 of the Not for Profit Law," *see id.* at 2. In addition, the receipt states that the Service of Process address for the Union is as follows:

S/S Belkin Natale and Oxman
1523 Central Park Ave.
Yonkers, NY 10710

*See id.*

apparent misconceptions on the part of both Plaintiff and Defendant Union. First, although Defendant Union has moved to vacate the entry of the default judgment, there is no judgment to vacate because, although Plaintiff requested that the Clerk enter a default, he never applied to this Court for entry of a default judgment as he is required to do under the Federal Rules of Civil Procedure.

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, entry of a default judgment is a two-step process. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a). Once the Clerk of the Court has entered the Notice of Default in a case such as this one in which the claim is not for a "sum certain," "the party entitled to a judgment by default shall **apply to the court therefor** . . . ." Fed. R. Civ. P. 55(b)(2) (emphasis added).

Second, Defendant Union relies upon the Process Server's affidavit of service on "Securitas Security Services USA, Inc., which its counsel retrieved using the PACER system," *see* Affidavit of Thomas P. Halley, sworn to May 26, 2006 ("Halley Aff."), at ¶¶ 3-4, and the affidavit of the Union's Chief Executive Officer, Ralph M. Purdy, *see* Affidavit of Ralph M. Purdy, sworn to May 30, 2006, at ¶ 4, to support its position that Defendant Union was never served. Defendant Union's reliance upon these two documents, however, is misplaced. Although Defendant Union is correct that this case's docket includes a Process Server's affidavit of service on Defendant Securitas, it also includes a Process Server's affidavit of service on Defendant Union, *see* Dkt. No. 5. Moreover, although no one in the Union's office recalls being served with a copy of the summons and complaint, there is no reason that they would remember

any such event because the Process Server served the Union by serving the Secretary of State as the Union's agent pursuant to Section 306 of New York's Not-for-Profit Corporation Law.[4]  As previously noted, the Secretary of State's receipt shows that the service of process address for Defendant Union is "S/S Belkin Natale and Oxman, 1523 Central Park Ave., Yonkers, NY 10710." *See* Dkt. No. 5 at 2.  Therefore, no one in the Union's office, which is located at "540 North State Road, Briarcliff Manor, New York," *see* Purdy Aff. at ¶ 2, would have been served with the summons and complaint.[5]

With respect to the merits, the Court will construe Defendant Union's motion as one to set aside the entry of default pursuant to Rule 55(c) of the Federal Rules of Civil Procedure.  Rule 55(c) provides, in pertinent part, that "[f]or good cause shown, the court may set aside an

---

[4] Section 306 of New York's Not-for-Profit Corporation Law provides, in pertinent part, that

> [s]ervice of process on the secretary of state as agent of a domestic corporation formed under article four of this chapter . . . shall be made by personally delivering to and leaving with him or his deputy, or with any person authorized by the secretary of state to receive such service, at the office of the department of state in the city of Albany, duplicate copies of such process together with the statutory fee, which fee shall be a taxable disbursement.  **Service of process on such corporation shall be complete when the secretary of state is so served.**  The secretary of state shall promptly send one of such copies by certified mail, return receipt requested, to such corporation, at the post office address, on file with the department of state, specified for the purpose. . . .

N.Y. Not-for-Profit Corp. Law § 306 (emphasis added).

[5] In opposition to Defendant Union's motion, Plaintiff submitted a June 6, 2006 letter from the Secretary of State which indicates that the Secretary of State sent a copy of process to **Defendant Securitas**, *see* Dkt. No. 14.  This letter, however, is not relevant to Defendant Union's argument that it was never served.

entry of default . . . ." Fed. R. Civ. P. 55(c).

"Courts in this circuit construe 'good cause' broadly." *Niepoth v. Montgomery County Dist. Attorney's Office*, 177 F.R.D. 111, 112 (N.D.N.Y. 1998) (citations omitted). In determining whether the moving party has demonstrated good cause, the courts apply three principal factors: "1) whether the default was willful; 2) whether setting aside the clerk's entry of default would prejudice the adversary; and 3) whether a meritorious defense is presented." *Id.* (citations omitted). Courts may also consider other equitable factors, such as "whether the failure to follow a rule of procedural [sic] was a mistake made in good faith and whether the entry of default would produce a harsh or unfair result." *Id.* (citation omitted). Finally, it is well-established that "defaults generally are disfavored, . . . [and] doubts are to be resolved in favor of a trial on the merits." *Id.* (internal citation and other citations omitted).

Applying these factors to the circumstances of this case, the Court concludes that there is nothing to indicate that Defendant Union's default was willful. Moreover, in light of the fact that the Court is allowing Plaintiff to file a second amended complaint, setting aside the clerk's entry of default will not cause any prejudice to Plaintiff. Finally, Defendant Union's presentation of a valid defense to Plaintiff's claims favors setting aside the entry of default. Therefore, for all of these reasons, the Court grants Defendant Union's motion to set aside the clerk's entry of default.

### III. CONCLUSION

After carefully reviewing the entire file in this matter, the parties' submissions and the relevant law, and for the reasons stated herein, the Court hereby

**ORDERS** that Defendant Securitas' motion for a more definite statement is **DENIED AS**

**MOOT**; and the Court further

**ORDERS** that Plaintiff shall file his second amended complaint within **ten (10) days** of the date of this Order and serve this amended pleading as the Federal Rules of Civil Procedure require;[6] and the Court further

**ORDERS** that Defendant Union's motion to set aside the clerk's entry of default is **GRANTED**.

**IT IS SO ORDERED.**

Dated: March 6, 2007
      Syracuse, New York

                                        Frederick J. Scullin, Jr.
                                        Senior United States District Court Judge

---

[6] The Court advises Plaintiff that the proposed amended complaint that he submitted in opposition to Defendant Securitas' motion for a more definite statement does not constitute "filing" of that pleading. Therefore, Plaintiff must file his second amended complaint as a separate document within **ten (10) days** of the date of this Order.